## MAYS AND ANOTHER v. FORBES.

Where the defendant in error moved to dismiss, and the plaintiff in error moved for and obtained a *certiorari* to bring up a more perfect record, and, at the next Term, the *certiorari* was not returned, but a perfect record was filed, the Court said, The record not being returned with the *certiorari*, it cannot be regarded as of any authenticity whatever; no such mode of bringing a more perfect record into this Court, is known to the law.

Where the transcript of the record was without the seal of the Court below across the tie binding the sheets together, and the plaintiff in error obtained a *certiorari* to perfect the record, which was not returned at the next Term, the writ of error was dismissed, on motion.

*It seems* that the Coronor is not authorized to serve a citation in error, unless the petition alleges some legal objection to the Sheriff or that there is no Sheriff.

Error from Colorado. Action of trespass to try title, by the defendant in error against the plaintiff in error, instituted March 14th, 1848. April 9th, 1850, judgment for the plaintiff. Petition for a writ of error, filed April 1st, 1852. The original petition had alleged that the plaintiff resided in Calhoun county; and the petition for the writ of error prayed for citation to Calhoun county, commanding the Sheriff, &c. Citation issued same day, to the Sheriff of Calhoun county, and was returned as follows: "Received, this 10th day of April, "A. D., 1852, and executed the same by delivering a copy of "this citation and accompanying petition, to the said R. M. "Forbes, this 10th of April, A. D. 1852. (Signed.) Almon "Reede, Coronor of Calhoun county and acting Sheriff." A bond, or writ of error, was filed and approved October 7th, 1852. The transcript was filed December 29th, 1852, without the seal of the Court below across the tie, and without any indorsement of by whom demanded or to whom delivered. Motion filed January 15th, 1853, to dismiss, for want of seal over the tie; want of the indorsements of by whom demanded and to whom delivered; because citation was directed to the Sheriff of Colorado county and returned by the Coronor of

Calhoun county.   January 25th, 1853, the plaintiffs in error suggested diminution of the record, and prayed for a *certiorari ;* the particulars of diminution were, as to the seal across the tie, and that the citation as copied by the Clerk by mistake, appeared to be directed to the Sheriff of Colorado county, instead of Calhoun county.   (This was an error as to the fact, on the part of both the defendant in error and the plaintiffs in error ; the citation was properly copied, directed to the Sheriff of Calhoun county.)   *Certiorari* issued accordingly. January 11th, 1854, another transcript was filed, with a seal on wax or wafer across the tie, and with an indorsement that it was demanded by R. J. Rivers, Esq., attorney of plaintiffs in error, 12th November, 1853, and delivered 20th December, 1853.   The defendant in error again moved to dismiss, assigning the same causes as in first motion, and the failure to have the *certiorari* returned ; that the Coronor had no authority, &c.

*J. R. Rivers* and *N. H. Munger*, for plaintiffs in error.

*Alexander & Atchison*, for defendant in error.

LIPSCOMB, J.   In this case, motion was made by the counsel for the defendant, to dismiss the case, on several grounds, unnecessary to be stated.   Before the motion was acted on, the plaintiffs moved for, and obtained an order for a *certiorari* to bring up a perfect record.   It appears that the writ of *certiorari* was issued from this Court ; but it has not been returned ; and instead of the return of the *certiorari*, the plaintiffs have brought into Court and filed what purports to be a record in the case, with the seal of the Court upon the binding confining the sheets containing the record, together.   This seal was wanting on the first record, which omission was one of the grounds of the motion to dismiss the suit at the last Term.   The record not being returned with the *certiorari*, it cannot be regarded as of any authenticity whatever.   No such

mode of bringing a more perfect record into this Court, is known to the law. The first record filed, deriving no aid from the last, must be dismissed, for want of what has been regarded, under the rules of this Court, as material, the want of the seal of the Court below, across the tie, binding the sheets together. On this ground, the motion to dismiss is sustained.

If, however, the second transcript could be received, the motion to dismiss would be sustained on another ground, as neither the first nor second transcript furnish evidence that the citation to the defendant in error was issued and served in accordance with the requirements of the statute. (See Art. 793, Dig.) It is explicit in directing, that on the filing of the petition for the writ of error, " the Clerk shall issue a cita- " tion, directed to the Sheriff of the county where the oppo- " site party is alleged to reside, together with a copy of the " petition, commanding him to cite such party to be and ap- " pear before the Supreme Court at its next Term, after the " citation is issued, and defend the said writ, which citation " and copy of petition shall be served by the Sheriff to whom " it is directed, and shall be returned to the Court from which " it issued." The citation in this case is directed to the Sheriff of Calhoun county, and it is served and returned by the Coronor of the county of Calhoun. In some cases, the Coronor by our statute, is authorized to act as Sheriff, but not in a case like the present. Article 185, Digest, makes it the duty of each Coronor to execute and return all process, of whatever nature the same may be, where the Sheriff is a party, and in all cases where just exceptions can be taken to the Sheriff or his deputies, or where there is no Sheriff. We are not informed that any of these exceptions existed. If there was any objection to the Sheriff, or if there had been no Sheriff, such fact should have been suggested in the petition for a writ of error.

This case has no claim to be continued longer on our docket, for the purpose of placing the record properly before us.

The judgment was rendered on the 9th of April, A. D. 1850; the petition for a writ of error was not filed until the 1st of April, A. D., 1852, the time elapsed almost sufficient to constitute the statutory bar to its issuance, and the record not yet before us in a way that it can be revised. The case is ordered to be dismissed from the docket.

Writ of error dismissed.